Ignacio Rosales Cueli, Rufino Ruiz y Ruiz y Francisco Soto Gras, demandantes y apelados, *v.* Nicolás M. Cartagena y Nimaca Shoe Factory, demandados y apelantes.

No. 4711.—*Sometido:* Marzo 14, 1929. *Resuelto:* Julio 12, 1929.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Ignacio Rosales, Rufino Ruiz y Francisco Soto Gras, dueños de doscientas acciones de las cuatrocientas emitidas por la "Nimaca Shoe Factory Co.," una corporación organizada de acuerdo con las leyes de esta Isla, demandaron a Nicolás Manrique Cartagena, dueño de las otras doscientas acciones, y a la propia corporación, en solicitud de una sentencia que decretara la disolución de la compañía y el nombramiento de un síndico liquidador de la misma.

Los demandantes Soto y Ruiz eran Secretario y Tesorero de la Corporación y el demandado Cartagena Presidente. La demanda, que contiene treinta y tres hechos, describe minuciosamente las dificultades surgidas en la administración de la Nimaca, los disgustos entre sus directores, las pérdidas sufridas, una larga serie, en fin, de ocurrencias demostrativas de la imposibilidad de que los negocios continuaran guiados por la Junta Directiva que a su cargo los tenía.

Resueltas algunas cuestiones previas, el demandado Cartagena, el 30 de julio de 1927, presentó a la Corte un escrito que copiado a la letra en lo pertinente dice:

"Que se allana a la demanda de los demandantes, en virtud de hechos ocurridos con posterioridad a la presentación de dicha demanda.

"Y, en su consecuencia, este demandado solicita de la Hon. Corte que dicte sentencia declarando con lugar la demanda, sin especial condena de costas para este demandado."

No se tomó acción alguna y el propio demandado Carta-

gena el 15 de agosto siguiente pidió a la corte que señalara un día para la celebración del juicio. En su moción dijo:

"I. Los derechos del Calendario en este caso están satisfechos en su totalidad y el asunto es de carácter urgentísimo porque se trata de obtener sentencia que declare disuelta la corporación demandada Nimaca Shoe Factory, Inc., y se nombre un Síndico para su liquidación.

"II. La prueba de las partes será sólo prueba documental pues los hechos esenciales están admitidos por este demandado que ahora comparece, siendo así que el juicio no se llevará ni 15 minutos en su celebración, y es de urgente necesidad el nombramiento de un Síndico en este caso."

La corte accedió señalando el 17 de septiembre de 1927. Ambas partes comparecieron ese día y a petición de los demandantes la vista fué suspendida.

Pasó el tiempo y el 22 de junio de 1928 los demandantes basándose en el escrito de allanamiento del demandado Cartagena de julio 30, 1927, pidieron a la corte que, sin más trámites, dictará sentencia decretando la disolución de la corporación demandada y procediera al nombramiento del síndico liquidador.

Al día siguiente la corte dictó una orden cuya parte dispositiva dice:

"POR TANTO, se declara con lugar la solicitud de las partes, y se decreta y ordena .

"*Primero:* Que la corporación del país nombrada 'Nimaca Shoe Factory, Inc.,' es por la presente declarada disuelta y extinguida por consentimiento unánime de sus accionistas.

"*Segundo:* Que habiéndolo así solicitado dichos accionistas se nombre un síndico que tome posesión de los bienes corporativos, los administre y pague las deudas, repartiendo el sobrante entre los accionistas.

"*Tercero:* Que el día 25 de junio de 1928, a las 11 A. M. comparezcan personalmente las partes y sometan nombres de personas idóneas para ser considerados en la designación de síndico que luego se hará por la Corte y mediante orden al efecto.

"El Secretario registrará sentencia de acuerdo con esta orden sin especial condena en costas."

Dos días después el demandado Cartagena pidió a la corte que reconsiderara su orden del 23 alegando, en resumen, que el motivo que lo llevó a allanarse fué cierto pleito de deshaucio iniciado por el Sr. Soto Gras contra la corporación demandada, pleito que había quedado arreglado y que la petición de sentencia se había hecho sin notificársele. Se opusieron los demandantes y la corte en una resolución fundada declaró sin lugar la moción del demandado Cartagena estimando que su allanamiento tenía carácter definitivo e implicaba el consentimiento unánime de los accionistas para la disolución pedida. La sentencia definitiva quedó registrada el 19 de julio de 1928.

No conforme el demandado Cartagena apeló para ante este tribunal. En su alegato señala tres errores, así:

"1. Al declarar con lugar la demanda, toda vez que ésta no aduce hechos suficientes para constituir una causa de acción.

"2. Al negar la moción de reconsideración radicada por la parte demandada.

"3. Al dictar una sentencia a favor de la parte demandante."

La argumentación de los errores no puede ser más deficiente. Todo lo que dice en cuanto al primero es lo que sigue:

"Si en el caso de autos la demanda no aduce hechos suficientes para determinar una causa de acción entonces cualquier sentencia fundada en dicha demanda es improcedente y debe ser revocada. A primera vista la demanda es insuficiente. La corporación Nimaca Shoe Factory Co., Inc., es una corporación debidamente organizada y existente de acuerdo con las leyes de Puerto Rico, cuyo hecho no solamente consta de los autos y de la moción de reconsideración, sino de la misma confesión de los demandantes al citar una junta de directores, etc. La única manera de disolver una corporación organizada de acuerdo con las leyes de Puerto Rico es mediante los procedimientos previstos en la ley de corporaciones, de 1911, con sus enmiendas. Ningún grupo de accionistas puede disolver una corporación mediante la alegación de una serie de quejas, toda vez que la ley provee la forma en la cual los accionistas deben proceder a una disolución."

Ni una sola cita de autoridades, ni un razonamiento más.

880

■ La ley de acuerdo con la cual la Nimaca Shoe Factory, Inc., se organizó, contiene reglas sobre la disolución de las corporaciones, (Artículos 26 a 33 de la ley sobre corporaciones privadas de 1911, Comp. 1911, pág. 103 y siguientes) y parece lo lógico que dichas reglas se cumplan en primer término, sin recurrir a los tribunales. Pero aquí los directores rompieron abiertamente sus relaciones y hubo necesidad de acudir a la corte para que resolviera el conflicto.

La jurisprudencia sobre disolución de corporaciones es tan abundante, que sólo el resumen de ella ocupa más de doscientas páginas del tomo 14 a de Corpus Juris. La hemos repasado ligeramente y en ella encontramos lo que sigue:

"El derecho de un accionista de la minoría a instituir un pleito sobre disolución de una corporación no existe independientemente del estatuto excepto cuando se presenta un caso en que se puede conceder el remedio solicitado dentro de la jurisdicción general en equidad de la corte." 14 a Corpus Juris, pág. 1141.

Los hechos de la demanda como ya indicamos revelan un estado tal de cosas, que nos lleva a concluir que era imposible seguir el trámite marcado por la ley para la disolución voluntaria. Surgió un conflicto y fué necesario acudir a la Corte y mientras no se nos demuestre lo contrario en forma más convincente que la mera conclusión u opinión del apelante, decidiremos, a los únicos efectos de este caso, dejando la cuestión abierta para mayor estudio en el futuro, que la Corte actuó dentro de su jurisdicción al resolverlo.

Por lo menos el poder de la corte para nombrar un síndico existía.

■ Los otros dos errores señalados se argumentan en la misma forma deficiente que el primero. Creemos que si la Corte se hubiera convencido de la existencia de equivocación, fraude o sorpresa por parte del demandado Cartagena al archivar su moción de allanamiento, hubiera podido dejar sin efecto su sentencia, pero aunque el lenguaje usado por la corte sentenciadora en su resolución no nos permite penetrar

con absoluta seguridad en los motivos que la llevaron a su conclusión, ésta está sostenida por los autos.

Nada demuestra que la actuación del demandado Cartagena se debiera a equivocación, fraude o sorpresa. La vaga referencia que se hace a "hechos ocurridos con posterioridad a la presentación de la demanda," no justifica su allanamiento para retirarlo luego cuando transe el pleito de desahucio, que según la moción de reconsideración era el "hecho posterior" que tenía en mente. Quizá si la otra parte se decidió a transar fué precisamente teniendo en cuenta el allanamiento.

Los debates judiciales no son un juego, sino algo serio, solemne. Las alegaciones se archivan para que produzcan sus naturales efectos y sólo en bien de la justicia en los casos permitidos por la ley puede la corte dispensar de esos efectos a una parte permitiendo que la cuestión se investigue y y tramite de nuevo de acuerdo con los hechos y la ley.

¿Cuál fué el efecto del allanamiento? Sin duda la aceptación por parte del demandado Cartagena de los hechos alegados en la demanda como se desprende de la moción solicitando señalamiento de vista o por lo menos la expresión inequívoca de su conformidad con que se dictara la sentencia pedida y como con él se avenía a la disolución todo cuanto faltaba para la totalidad de los accionistas, creemos que la corte estuvo justificada en dictar sentencia sin necesidad de juicio.

Hay algo que nos ha hecho dudar en este caso y es la actitud de los demandantes al pedir la suspensión del juicio señalado para el 17 de septiembre de 1927 y el dejar pasar tanto tiempo sin pedir que se actuara sobre el allanamiento. La única explicación que encontramos es la de la ausencia durante ese período del Sr. Soto Gras, demandante y abogado a la vez en este pleito. En la petición de suspensión hecha por el socio del dicho abogado se adujo esa causa.

De todos modos, atendida la forma en que las cuestiones

envueltas han sido argumentadas por la parte apelante, no creemos que tengamos el deber de ahondar más en el asunto. *Debe confirmarse la resolución y la sentencia apeladas.*